**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MOZAFFAR ZADESMAEIL,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 07-75139

Agency No. A095-177-103

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 5, 2012
Pasadena, California

Before: REINHARDT and THOMAS, Circuit Judges, and SEDWICK, District
Judge.[**]

Mozaffar Zadesmaeil petitions for review from the Board of Immigration

Appeals' decision denying his application for asylum under the Immigration and

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable John W. Sedwick, District Judge for the U.S. District
Court for Alaska, sitting by designation.

Nationality Act, 8 U.S.C. § 1158(a). Because the parties are familiar with the history of this case, we need not recount it here. We grant the petition.

Zadesmaeil seeks asylum on the basis of (1) an imputed political opinion by virtue of his work as a photographer and photo laboratory supervisor and (2) his conversion to the Eckankar religion. We conclude that the record compels the conclusion that Zadesmaeil has a well-founded fear of persecution because of his conversion to the Eckankar religion if he returns to Iran. Therefore, we need not reach the question of whether substantial evidence supports the BIA's conclusion concerning his political asylum claim.

The undisputed record shows that Zadesmaeil was a former Muslim who converted to Eckankar. He testified about his conversion and offered third-party evidence of it, which the government accepted. He also submitted a considerable amount of documentary evidence as to his Eckankar beliefs, which the government did not contest. There is no controversy over his subjective fear of future persecution on the basis of religion.

The undisputed record also establishes that apostasy from the Islam religion is punishable by death in Iran. The 2000 State Department Country Report in the record states: "The Government does not ensure the right of citizens to change or

2

recant their religious faith.  Apostasy, specifically conversion from Islam, may be punishable by death."

The BIA did not dispute these facts, but denied the claim solely on the basis that "in so far as the respondent fears harm in Iran because he converted to the Eckankar religion in the United States, it does not appear that the authorities in Iran are aware of that fact or are likely to learn thereof."  There is no factual support for this statement in the record.

In addition, the salient question is not whether the Iranian government is aware of Zadesmaeil's conversion, but rather, whether he has a well-founded fear that upon his removal to Iran his government will become aware of his conversion and persecute him accordingly.  *See Matter of Mogharrabi*, 19 I & N Dec. 439, 446 (BIA 1987) (explaining that an alien can demonstrate a well-founded fear by showing that his government "'could easily become aware[] that the alien possess this belief or characteristic'" (citation omitted)), *abrogated on other grounds by Pitcherskaia v. INS*, 118 F.3d 641 (9th Cir. 1997).[1]

The record is devoid of any evidence showing that Zadesmaeil could openly practice Eckankar without being discovered in Iran.  Indeed, the only evidence to

---

[1] Zadesmaeil testified that he wrote letters to his wife describing his conversion, and that some of these letters never arrived.  He suggested that the Iranian authorities seized these letters.

3

this point in the record is the State Department's conclusion that "[r]eligious activity is monitored closely by the Ministry of Intelligence and Security." Nothing in the record rebuts petitioner's claim that his subjective fear is objectively reasonable. Further, an asylum applicant still has a well-founded fear of religious persecution if the only way for him to avoid persecution is by avoiding the public practice of his religion: "to require [a petitioner] to practice his beliefs in secret is contrary to our basic principles of religious freedom and the protection of religious refugees." *Zhang v. Ashcroft*, 388 F.3d 713, 719 (9th Cir. 2004) (per curiam).

The government seeks to rely on the immigration judge's finding that the Iranian government would not persecute Zadesmaeil because the Eckankar religion recognizes Mohammed as a spiritual leader, along with spiritual leaders of other religions. The BIA did not adopt that determination, and when the BIA conducts its own review of the evidence and law, our review is "limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012) (internal quotation marks and citation omitted). Regardless, nothing in the record supports the IJ's speculation. Indeed, the State Department Report states that members of the Baha'i faith are considered

apostates in Iran "because of their claim to a valid religious revelation subsequent to that of Prophet Mohammed."

Although the IJ did not make an express adverse credibility finding, as would normally be required to deny Zadesmaeil's claim on credibility grounds, the BIA affirmed what it thought to be the IJ's adverse credibility finding. Regardless of the propriety of the BIA's action, it is not relevant to the question of well-founded fear of future religious persecution.

Because Zadesmaeil applied for asylum prior to the passage of the REAL ID Act, an inconsistency can only support an adverse credibility finding if it "relates to the basis for the petitioner's alleged fear of persecution and goes to the heart of the claim." *Singh v. Gonzales*, 439 F.3d 1100, 1108 (9th Cir. 2006) (internal quotation marks, citation, and alterations omitted), *superseded by statute*, 8 U.S.C. § 1158(b)(1)(B)(iii) (2005). All of the issues that the IJ found troubling were related to petitioner's claim of persecution on account of imputed political opinion and therefore do not go to the heart of his claim of fear of religious persecution. *Cf. Kamalthas v. INS*, 251 F.3d 1279, 1283-84 (9th Cir. 2001) (BIA could not rely on adverse credibility finding with respect to asylum claim in assessing claim for protection under Convention Against Torture). The record is undisputed as to the religious persecution claim.

5

Because the undisputed record compels the conclusion that petitioner has a well-founded fear of future persecution on account of his religious beliefs, remand under *INS v. Ventura*, 537 U.S. 12 (per curiam), is unnecessary. We grant the petition for review and remand this case to the BIA for the Attorney General to exercise his discretion under 8 U.S.C. § 1158(b) as to whether to grant asylum. *See Fedunyak v. Gonzales*, 477 F.3d 1126, 1130-31 (9th Cir. 2007) (finding *Ventura* remand unnecessary but remanding for Attorney General to exercise his discretion under § 1158(b)).

**PETITION GRANTED and REMANDED.**